IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| **JENNIFER K. BLACK,** ) | |
| ) | |
|    Plaintiff, ) | |
| ) | **Case No. 2:15-cv-02130-PKH** |
| v. ) | **JURY DEMAND** |
| ) | |
| **VALLEY BEHAVIORAL HEALTH** ) | |
| **SYSTEM, LLC,** a Foreign Limited ) | |
| Liability Company, **VISTA HEALTH OF** ) | |
| **FORT SMITH, INC.,** a Domestic For ) | |
| Profit Corporation, and **ACADIA** ) | |
| **HEALTHCARE COMPANY, INC.,** a ) | |
| Domestic For Profit Corporation, ) | |
| ) | |
|    **Defendants.** ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO BIFURCATE**

Defendants have moved the Court pursuant to Federal Rule of Civil Procedure 42(b) to conduct a separate "punitive damages" phase if the Court determines that there is sufficient proof to allow a jury to find that Defendants acted with malice or reckless indifference to Plaintiff's legally protected rights.

There is a strong probability that Plaintiff will not be able to establish facts sufficient warranting punitive damages under Title VII, and there are no punitive damages available under the FMLA. Because of the likelihood that the jury will never be called upon to determine whether Defendants should be liable for punitive damages, any mention of punitive damages or exemplary damages or of punishing Defendants or of Defendants' financial position would be completely non-probative and highly prejudicial and should be excluded under Federal Rule of Evidence 403.

During the initial phase of trial, Plaintiff would be instructed not to mention, refer to, interrogate concerning, attempt to offer into evidence, or convey to the jury in any manner, either directly or indirectly, any testimony, evidence, or information of any kind relating to the financial affairs, condition, and/or net worth of Defendants.  Closing arguments would consist solely of arguments on the issue of liability and non-punitive damages.  Should there be a finding of liability by the jury, the Court would then determine whether there is sufficient proof to allow a jury to find Defendants acted with malice or reckless indifference to Plaintiff's federally protected rights.  If it does, the parties would make additional closing arguments on punitive damages, and the jury would have an opportunity to determine the amount of such damages, if any.  During this second "punitive damages" phase, relevant proof regarding the financial affairs, condition, and net worth of Defendants could be presented to the jury.

As the Eighth Circuit has recognized, bifurcation is particularly appropriate in employment cases where, as here, the issues of liability and damages are largely unrelated and bifurcation will further "convenience, . . . avoid prejudice, [and] be conducive to expedition and economy."  Fed. R. Civ. P. 42(b).  See Chism v. CNH America LLC, 2009 U.S. Dist. LEXIS 28208, *14 (E.D. Ark. Mar. 30, 2009) (granting motion to bifurcate trial as per 8th Circuit precedent and with reference to Arkansas law, which provides if a plaintiff seeks punitive damages and either party requests bifurcation, the issues of compensatory and punitive damages must be bifurcated. See Ark. Code Ann. § 16-55-211(a)(1)).

The decision of whether to isolate the punitive damages phase of the trial is within the sound discretion of the trial court.  Thorne v. Welk Inv., Inc., 197 F.3d 1205, 1213-14 (8th Cir. 1999).  Bifurcation of trial into separate phases to consider, first, liability and compensatory damages, and second, punitive damages, can avoid the potential that evidence pertinent to

punitive damages will not improperly prejudice a determination on liability and compensatory damages. See Parsons v. First Investors Corp., 122 F.3d 525, 529 (8th Cir. 1997). In addition, Plaintiff has alleged intentional infliction of emotional distress under Arkansas common law. As demonstrated above, under Arkansas law, evidence of the financial condition of the defendant is not admissible with regard to any compensatory damages determination, although it would be relevant to punitive damages. Ark. Code Ann. § 16-55-211(b).

If, on the other hand, bifurcation is not ordered, significant time and resources would be devoted to testimony and evidence of Plaintiff's alleged damages when such evidence is relevant only if Plaintiff is *first* able to establish liability. Furthermore, were Defendants forced prematurely to defend Plaintiff's claim to punitive damages, it would be unfairly prejudiced and the jury confused because evidence of Defendants' financial condition and net worth would be presented contemporaneously with proof of its alleged liability.

Bifurcation of this action is appropriate and would be a proper exercise of the Court's discretion. Defendants therefore respectfully request the Court order the trial split into two phases: (1) Plaintiff's claim for liability and compensatory damages; and (2) Plaintiff's claim for punitive damages. Defendants further move the Court to exclude evidence of Defendants' financial affairs, condition, and net worth during the liability phase of trial, as such evidence is irrelevant to Plaintiff's claim of liability and would only serve to unfairly prejudice Defendants in their defense of Plaintiff's claims.

s/ Brittany R. Stancombe
Mark W. Peters (Tenn. BPR No. 018422)
Brittany R. Stancombe (Tenn. BPR No. 031691)
Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
Nashville, TN 37219
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the foregoing has been served via the Court's ECF system, upon the following:

D. Mitchell Garrett, Jr. (OBA #20704)
Garrett Law Center, PLLC
Tulsa, Oklahoma 74101-1349
Telephone: (918) 895-7216
Facsimile: (918) 895-7217
*mitchell@garrettlawcenter.com*

on the 13th day of June 2016.

                                      s/ Brittany R. Stancombe